## IN RE APPEAL OF JOHNSON

[106 N.C. App. 61 (1992)]

Reversed and remanded.

Chief Judge HEDRICK and Judge JOHNSON concur.

---

IN THE MATTER OF: THE APPEAL OF E. MARVIN JOHNSON AND STEVE A. QUINN FROM THE DENIAL OF PRESENT USE VALUE ASSESSMENT BY THE BLADEN COUNTY BOARD OF EQUALIZATION AND REVIEW FOR 1989

No. 9110PTC118

(Filed 7 April 1992)

**Taxation § 25.9 (NCI3d)— ad valorem taxes—change in turkey house valuation—timely application for present use valuation of farm**

The term "real property" in N.C.G.S. § 105-287(a) encompasses not only land but also improvements to land, and a change in valuation was made in the taxpayers' property pursuant to that statute when the county board of equalization and review notified them that the value of turkey houses on their farm had been reduced. Therefore, the taxpayers timely applied for present use value assessment of their farm pursuant to N.C.G.S. § 105-277.4(a) when they filed their application within thirty days of the date on the notice of the change in valuation.

**Am Jur 2d, State and Local Taxation §§ 759, 786.**

APPEAL by taxpayers from decision entered 19 September 1990 by the Property Tax Commission sitting as the State Board of Equalization and Review. Heard in the Court of Appeals 7 November 1991.

*Jordan, Price, Wall, Gray and Jones, by Henry W. Jones and Stephen R. Dolan, for taxpayers-appellants.*

*Johnson and Johnson, by W. Leslie Johnson, Jr., for Bladen County-appellee.*

WYNN, Judge.

On 28 June 1988, E. Marvin Johnson and Steve A. Quinn, ("taxpayers") purchased a turkey farm which included the following

improvements: several turkey houses, a well, septic tank, and a 2,270 square foot log cabin. In June of 1989, the taxpayers were notified by order of the Bladen County Board of Equalization and Review that the appraised value of the turkey houses on the farm had been reduced. As a result, the total value of the land and improvements was adjusted from $2,971,130 to $2,808,130.

Following this adjustment, the taxpayers applied for present-use value assessment and taxation for the farm, a classification that would result in a lower taxation of their property. The Bladen County Tax Assessor ("Assessor") refused their application stating that the taxpayers had failed to timely submit the application in accordance with N.C. Gen. Stat. § 105-277.4(a) (1989) which requires submission either within the regular listing period which runs from the 1st through the 31st of January of each year, or within 30 days after an adjustment has been made to the value of the land.

The taxpayers, maintaining that the adjustment in June 1989 met the requirements of the statute, appealed to the Bladen County Board of Commission ("Board"). The Board effectively denied their appeal from the Assessor's decision. For reasons not related to the application of the taxpayers, however, the Board reduced the market value of the taxpayers' real estate from $1,378,550 to $830,550, resulting in an adjustment of the total appraised value of the land and structures to $2,285,110. The taxpayers next appealed to the Property Tax Commission ("Commission") which on 19 September 1990, affirmed the denial of their application for present-use value assessment. The taxpayers now appeal to this Court.

---

The issue on appeal is whether the taxpayers failed to make a timely application for present-use value assessment. More specifically, we must decide whether the Tax Commission erroneously interpreted certain provisions of N.C. Gen. Stat. §§ 105-271 to -95 (1989), statutorily designated as the "Machinery Act." The Machinery Act governs the assessment, listing and collection of *ad valorem* taxes, *King v. Baldwin*, 276 N.C. 316, 322, 172 S.E.2d 12, 16 (1970), and it "prescribes the time and manner for listing and valuing property for *ad valorem* tax purposes," *Spiers v. Davenport*, 263 N.C. 56, 58, 138 S.E.2d 762, 763 (1964).

The right to appeal a decision of an administrative agency is usually governed by the Administrative Procedure Act ("APA"). But in the instant case, the review of a decision of the Property

Tax Commission is controlled by N.C. Gen. Stat. § 105-345.2(b) (1989), which is equivalent to the standard of review set forth in the APA. *See In re McElwee*, 304 N.C. 68, 283 S.E.2d 115 (1981). Section 105-345.2(b) provides that "[t]he court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning and applicability of the terms of any Commission action." *Id.* Moreover, our Supreme Court has held that where the issue on appeal is the interpretation of a statutory term, an appellate court may freely substitute its judgment for that of the agency and employ a *de novo* review. *Savings and Loan League v. Credit Union Comm.*, 302 N.C. 458, 466, 276 S.E.2d 404, 410 (1981); *accord Brooks v. McWhirter Grading Co.*, 303 N.C. 573, 281 S.E.2d 24 (1981).

N.C. Gen. Stat. § 105-277.4(a) (1989), which sets forth the time for filing an application for present-use value assessment provides in relevant part as follows:

> Property coming within one of the classes defined in G.S. § 105-277.3 shall be eligible for taxation on the basis of the value of the property in its present use if a timely and proper application is filed with the assessor of the county in which the property is located. The application shall clearly show that the property comes within one of the classes and shall also contain any other relevant information required by the assessor to properly appraise the property at its present-use value. An initial application shall be filed during the regular listing period of the year for which the benefit of this classification is first claimed, or *within 30 days of the date shown on a notice of a change in valuation made pursuant to G.S. § 105-286 or G.S. § 105-287. . . .*

(emphasis added).

The taxpayers concede that they failed to apply during the regular listing period. They contend, however, that their application was submitted timely within 30 days of notice of a change in valuation that was made pursuant to section 105-287. (We note that section 105-286 is not applicable to this case because that provision applies to revaluations that occurred during the time for the general octennial reappraisal of real property, which was from 1975 to 1983 in Bladen County. *See* N.C. Gen. Stat. § 105-286(a)(1). The evaluation of the taxpayers' property did not occur during that time.)

Section 105-287 provides in pertinent part:

(a) In a year in which a general reappraisal or horizontal adjustment of real property in the county is not made, the assessor shall increase or decrease the appraised value of *real property*, as determined under G.S. 105-286, to:

(1) Correct a clerical or mathematical error;

(2) Correct an appraisal error resulting from a misapplication of the schedules, standards, and rules used in the county's most recent general reappraisal or horizontal adjustment; or

(3) Recognize an increase or decrease in the value of the property resulting from a factor other than one listed in subsection (b).

(b) In a year in which a general reappraisal or horizontal adjustment of real property in the county is not made, the assessor may not increase or decrease the appraised value of real property, as determined under G.S. 105-286, to recognize a change in value caused by:

(1) Normal, physical depreciation of improvements;

(2) Inflation, deflation, or other economic changes affecting the county in general; or

(3) Betterments to the property . . . .

This section allows the Board to make an adjustment to real property to recognize an increase or decrease in the value of property, to correct a clerical or mathematical error or to correct an appraisal error. The record does not indicate, nor did the Commission argue, that any of the exceptions under section 105-287(b) are applicable. Thus, absent some other valid reason for reducing the value of the subject property, the June 1989 change in valuation made by the Board must be viewed in light of section 105-287(a).

It is the Commission's contention that section 287 is not applicable to the taxpayers' case because within the context of the Machinery Act, the term "real property," refers only to land and not land and improvements. This argument is not persuasive for the following reasons. The statutory definition of the term "real property" is set forth in section 105-273.13:

**IN RE APPEAL OF JOHNSON**

[106 N.C. App. 61 (1992)]

"Real property," "real estate," and "land" mean not only the land itself, but also buildings, structures, improvements, and permanent fixtures thereon, and all rights and privileges belonging or in any wise appertaining thereto.

It is clear that the Machinery Act intended "real property" to encompass not only the land, but any improvements.

Furthermore, the record on appeal shows that on 9 June 1989, the taxpayers were notified that the Bladen County Board of Equalization and Review reduced the appraised value of their turkey houses and that "[t]he total appraised value of land and structures listed on this tax account has been adjusted from $2,971,130 to $2,808,130, . . . . The Commission, in denying the present-use value application, affirmed that the appraised value of land and structures listed on Taxpayers' Account . . . had been adjusted . . . ." This action on the part of the Commission is exactly the type of action contemplated within section 105-287(a)(3). Moreover, it is significant to note that the Commission offers no other basis for the 1989 change in valuation.

We agree with the taxpayers that the Bladen County Board's change in valuation of the taxpayers' property in 1989 was made pursuant to section 105-287(a). As such, we find that the change in the value of the turkey houses affected all the "real property," not merely the land itself. We, therefore conclude that the taxpayers' application for present-use valuation was made within the time limits imposed by section 105-277.4(a). Accordingly, the decision of the Commission is,

Reversed.

Judges PARKER and GREENE concur.